**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2383-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DONALD EASTERLING,

    Defendant-Appellant.

_____

Argued September 11, 2024 – Decided September 19, 2024

Before Judges Mayer and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 15-04-0865 and 15-04-0866.

Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Michael Confusione, of counsel and on the brief).

Hannah Kurt, Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens, II, Essex County Prosecutor, attorney; Braden Couch, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Donald Easterling appeals from the March 1, 2023 order of the Law Division denying his petition for post-conviction relief (PCR) after an evidentiary hearing. We affirm.

I.

In 2015, a grand jury indicted defendant, charging him with eleven counts arising from an armed robbery of a 99-cent store in Newark. During the robbery, a detective responding to the scene was shot in the knee.

The State alleged that defendant brought a Glock handgun into the store to commit the robbery, but his plans were foiled by the store owner and several others who trapped him in the store prior to the arrival of police. According to the State, the first officer on scene observed through the plexiglass front door that defendant was armed. He fired twice, injuring defendant. Seeing defendant was wounded, the store owner and others overpowered him and forced him to the floor.

The detective arrived at about that time and saw defendant struggling with three people. Although he originally thought defendant was being robbed, once the detective made eye contact with defendant, he heard a bang, saw muzzle fire, and realized defendant had shot him through the front door. Other officers soon arrived, arrested defendant, and removed him from the floor, where they found

2

a Glock handgun. The three other firearms recovered from the scene were the police officers' service weapons, none of which were Glocks. A bullet was recovered from the detective's knee.

At trial, defendant took the position that he was an unarmed bystander and was attacked by the storeowner and his associates because they were selling marijuana from the store. He testified that he struggled to get away from them when he was shot and the Glock belonged to the store owner, who presumably used the weapon to protect his drug sales operation.

The State's ballistics expert testified that a bullet casing recovered from the store was fired from the Glock. In addition, he testified that the bullet recovered from the detective's knee was discharged from the Glock.

After the jury was selected, the State added a name to the list of potential witnesses shown during jury selection. Juror No. 14 saw the amended list and recognized the added name as a man with whom she was familiar. She told other jurors that she needed to inform the court that she knew the potential witness. In front of other jurors, she told a sheriff's officer that she knew the witness.

When questioned by the court outside the presence of the other jurors, Juror No. 14 explained that she knew the witness years earlier when he was in a relationship with her daughter's grandmother. The court excused the juror. In

response to a question by the court, both defendant's counsel and the State agreed that there was no need to question the other jurors about the incident because the excused juror stated that she had not conveyed any information about the witness to the remaining jurors. Defense counsel expressed concern that further questioning would highlight the witness unnecessarily.

The jury convicted defendant of six counts, including first-degree robbery, N.J.S.A. 2C:15-2, and three weapons offenses. He was acquitted on three counts and the court dismissed one count. The court sentenced defendant to an aggregate extended term of forty-five years of imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.[1]

On direct appeal, defendant argued, among other things, that the trial court should have individually voir dired the remaining jurors after excusing Juror No. 14. We rejected that argument. State v. Easterling, No. A-4211-16 (App. Div. Aug. 16, 2019). We vacated defendant's conviction on one count on other grounds, affirmed his remaining convictions, and remanded for merger of two

---

[1] Defendant subsequently entered a guilty plea to a separate indictment with a single count of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b), arising from the robbery. His guilty plea was contingent on his convictions of the charges in the robbery indictment being upheld on appeal.

counts and resentencing.  Ibid.  The Supreme Court denied defendant's petition for certification.  State v. Easterling, 240 N.J. 401 (2020).

In May 2022, defendant filed a petition for PCR alleging his trial counsel was ineffective because she: (1) did not retain a ballistics expert to evaluate the evidence or cross-examine the State's ballistics expert; and (2) failed to request the trial court voir dire the remaining jurors.  The PCR judge, who also presided at defendant's trial, held a two-day evidentiary hearing at which defendant, his trial counsel, and Carl Leisinger, a ballistics expert, testified.

Defendant testified that before trial, he requested his trial counsel obtain an expert.  He could not, however, identify the type of expert he requested. Defendant's trial counsel testified that defendant's position at trial was that he was not in possession of a gun and could not, therefore, have committed armed robbery or shot the detective.  She testified that she did not consult a ballistics expert or cross-examine the State's ballistics expert because eliciting evidence with respect to which weapon discharged the bullet that struck the detective would not have advanced defendant's theory of defense.

Leisinger testified that he was retained by defendant's PCR counsel to review the findings of the State's expert.  The Glock recovered from the scene was available for his inspection.  Leisinger discharged two bullets from the

Glock under controlled conditions. He testified that he compared the shells from the bullets he discharged with the discharged shell recovered at the scene and found that they matched. He knew, therefore, that the Glock had been discharged at the scene. However, when he examined the bullets that he discharged from the Glock, he noticed that they had limited markings of the type used for expert comparisons. Thus, Leisinger testified, it would have been difficult, but not impossible, to match a bullet from the Glock to the bullet removed from the detective. He testified that the State's expert should have been cross-examined on this point. He also testified that the bullet removed from the detective was not available to him because it had not been retained as evidence and that the same was true for the officers' guns, fragments of the front door, and the clothing defendant wore that day.

On March 1, 2023, the PCR court issued a twenty-one-page written decision denying defendant's petition. The PCR court found defendant's trial counsel and Leisinger were credible witnesses. However, the court found defendant to not be "fully credible," because his testimony was inconsistent and he "appear[ed] to have a strong motive to deceive the court."

The court found that trial counsel's decisions not to consult a ballistics expert or cross-examine the State's ballistics expert were trial strategies

consistent with the defense presented at trial. Thus, the court concluded, defendant failed to establish ineffective assistance of counsel on this point.

The PCR court also found that trial counsel's decision not to request voir dire of the remaining jurors to avoid highlighting the importance of a State's witness in the minds of the jurors was appropriate trial strategy. In addition, the court noted that on defendant's direct appeal, we held that the trial court acted within its discretion in declining to voir dire the remaining jurors. Thus, the PCR court concluded, defendant did not establish that his trial counsel provided ineffective assistance on this point. A March 1, 2023 order memorialized the trial court's decision.

This appeal followed. Defendant raises the following arguments.

> POINT I
>
> THE TRIAL COURT ERRED IN RULING THAT DEFENDANT'S TRIAL COUNSEL PROVIDED CONSTITUTIONALLY EFFECTIVE ASSISTANCE WITH REGARD TO COUNTERING AT TRIAL THE STATE'S BALLISTICS EXPERT.
>
> POINT II
>
> THE TRIAL COURT ERRED IN RULING THAT DEFENDANT'S TRIAL COUNSEL PROVIDED CONSTITUTIONALLY EFFECTIVE ASSISTANCE WITH REGARD TO VOIR DIRE OF THE JURY PANEL FOLLOWING THE REVELATION ABOUT JUROR NO. 14.

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "'substantial denial in the conviction proceedings' of a defendant's state or federal constitutional rights . . . ." Ibid. "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Ibid. (citing State v. Mitchell, 126 N.J. 565, 579 (1992)). "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. Mitchell, 126 N.J. at 579.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant then must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . ." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. Ibid. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

"We defer to [a] trial court's factual findings made after an evidentiary hearing on a petition for PCR." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). "However, we do not defer to legal conclusions, which we review de novo." State v. Holland, 449 N.J. Super. 427, 434 (App. Div. 2017).

Having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the March 1, 2023 order for the reasons stated by Judge Siobhan A. Teare in her thorough and well-reasoned written opinion. Her conclusions regarding the strategic decisions made by defendant's trial counsel, and defendant's resulting failure to establish ineffective assistance of counsel, are well supported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2383-22